UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JEROME REDDMANN,

        Petitioner,         Case Number: 2:15-CV-12358
                                        HON. GEORGE CARAM STEEH

v.

MARIA I. BARTON,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS AND
DENYING CERTIFICATE OF APPEALABILITY**

    Petitioner Richard Jerome Reddmann filed a petition for writ of habeas corpus. Reddmann is not in custody, nor does he identify the conviction he challenges. The petition, therefore, will be dismissed.

**I.**

    Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility

of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

## II.

The pending habeas petition will be dismissed under Rule 4 on two grounds. First, Reddmann fails to satisfy 28 U.S.C. § 2254's "in custody" requirement. "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be 'in custody pursuant to the judgment of a State court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001), *citing* 28 U.S.C. § 2254(a). *See also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The custody requirement preserves the extraordinary nature of habeas corpus relief which historically "has been limited to cases of special urgency" involving "severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Courts determine whether a person is "in custody" at the time the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). It is not clear that Reddmann was ever convicted of any offense, but, to the extent he was, he is not currently in custody. Accordingly, the Court lacks jurisdiction over his habeas petition.

In the alternative, even assuming Reddmann does satisfy the "in custody" requirement, his complaint is subject to summary dismissal because he fails to identify

the conviction(s) challenged in the petition or the jurisdiction in which he was charged. The Court will not guess what conviction Reddmann might be challenging. The petition is subject to summary dismissal on this basis.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus [dkt. # 1] is DISMISSED.

It is further ORDERED that a certificate of appealability is DENIED.

Dated: July 14, 2015

                                                 s/George Caram Steeh  
                                                 GEORGE CARAM STEEH  
                                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 14, 2015, by electronic and/or ordinary mail and also Richard Reddmann, P.O. Box 4, Wolverine, MI 49799.

s/Barbara Radke
Deputy Clerk